JjPER CURIAM*
The City of Baton Rouge/Parish of East Baton Rouge (the “City/Parish”) invokes the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground that the district court declared La. R.S. 13:4521, 13:4581, and 13:5105(D) unconstitutional.
On November 21, 1991, Gene Dauzat was injured in a slip and fall accident in the City Parish Central Garage in Baton Rouge. On July 22, 1992, plaintiffs, Mr. Dauzat and his wife, filed suit against the City/Parish and the East Baton Rouge Parish Metropolitan Council, the owners and operators of the garage.
On August 23, 1995, within ten days of the effective date of La. R.S. 13:5105(C),[1] the City/Parish filed a pleading requesting a trial by jury. Plaintiffs opposed the motion, arguing that the law in effect at the time their suit was filed did | ¡mot afford the parties the right to a jury trial. Thereafter, this court declared La. R.S. 13:5105(0 unconstitutional in Kimball v. Allstate Insurance Co., 97-2885 (La.4/14/98), 712 So.2d 46.
Nothing in the record indicates that the City/Parish reurged its request for a jury trial under any other provision of law, including La. R.S. 13:5105(D).[2] However, in May 1999, the district court signed an *814 order setting the case for a jury trial and fixing the jury bond at $5,000.
On August 21, 2000, plaintiffs filed a motion to strike the jury. In support, plaintiffs pointed out that La. R.S. 13:5105(C) has been declared unconstitutional by this court. Plaintiffs further argued that La. R.S. 13:5105(D) violates their due process and equal protection rights, or alternatively, that the City/Parish failed to comply with its provisions by enacting a “general ordinance or resolution” waiving the prohibition against jury trials.
On October 18, 2000, plaintiffs filed a second motion to strike the jury, arguing that the City/Parish had failed to timely post the jury bond and had thus waived its right to a jury trial. In response to the motion, the City/Parish contended that La. R.S. | c,13:4521 exempts it from having to pay court costs,[3] and that La. R.S. 13:4581 exempts it from posting any bond in a civil action.[4]
Following a hearing, the district court granted plaintiffs’ motion to strike the City/Parish’s request for a jury trial and declared La. R.S. 13:4521, 13:4581, and 13:5105(D) unconstitutional. In its oral reasons for judgment, the district court held that interpreting the statutes to exempt the City/Parish from posting a jury bond or paying costs would deprive plaintiffs of their due process and equal protection rights, and would violate La. Const, art. Ill, § 12(A)(3), which prohibits the legislature from passing a local or special law which concerns civil actions. Accordingly, the City/Parish was required to post a jury bond and costs to perfect its right to a jury trial; having failed to do so, the district court concluded that the City/Parish had waived its right to a jury trial. The City/Parish then perfected this appeal.
Pretermitting the merits of the City/Parish’s argument, we find the district court erred in reaching the issue of constitutionality on the basis of the record before it.
|4The only request for a jury trial made by the City/Parish was filed pursuant to La. R.S. 13:5105(C). As that statute was declared unconstitutional by this court in 1998 in Kimball, it could not have served as the basis for the district court’s 1999 order setting the case for a jury trial. There is no evidence that the City/Parish requested a jury trial under La. R.S. 13:5105(D). Therefore, the constitutionality of that statute could not have been before the court. Likewise, because there was no proper request for a jury trial filed by the City/Parish, the constitutionality of those statutes relating to the posting of *815 bonds and payment of costs by political subdivisions was not before the court.
It is well settled that courts should refrain from deciding the constitutionality of legislation when the case can be disposed of on non-constitutional grounds. See Cat’s Meow, Inc. v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186. Plaintiffs’ motion to strike may be resolved on other grounds, without resort to constitutional inquiry. Accordingly, we now vacate that portion of the district court’s judgment reaching the constitutional issues, and remand the case to the district court for further proceedings.
DECREE
For the reasons assigned, the judgment of the district court is vacated and set aside, insofar as it declares La. R.S. 13:4521, 13:4581, and 13:5105(D) unconstitutional. The pending appeal in this court is dismissed as moot, and the case is remanded to the district court for further proceedings.

 Robert L. Lobrano participated in this decision as Associate Justice Pro Tempore. Philip C. Ciaccio participated in this decision as Associate Justice Pro Tempore in place of Associate Justice Bernette J. Johnson.

. La. R.S. 13:5105(C) provides:
Notwithstanding the provisions of Subsection A, except upon demand for jury trial timely filed in accordance with law by the city of Baton Rouge or the parish of East Baton Rouge or the plaintiff in a lawsuit against the city of Baton Rouge or the parish of East Baton Rouge, no suit against the city of Baton Rouge or the parish of East Baton Rouge shall be tried by jury. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure 1731 and 1732.

. La. R.S. 13:5105(D) was added by Acts 1996, 1st Ex.Sess., No. 63, effective May 9, 1996:
Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit 'against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732. .

. La. R.S. 13:4521 provides in pertinent part as follows:
A. (1) Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state,....

. La. R.S. 13:4581 provides:
The state, state agencies, political subdivisions, parish, and municipal boards or commissions exercising public power and functions, sheriffs, sheriffs’ departments, and law enforcement districts, and the Patient’s Compensation Fund, or any officer or employee thereof, shall not be required to furnish any appeal bond or any other bond whatsoever in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment.